Thomas R. Curtin
George C. Jones
GRAHAM CURTIN
A Professional Association
4 Headquarters Plaza
P.O. Box 1991
Morristown, New Jersey 07962-1991
Telephone:	(973) 401-7117
Facsimile:	(973) 292-1767

Paul R. Koepff
Claudia Ray
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036
Telephone:	(212) 326-2000
Facsimile:	(212) 326-2061

*Attorneys for Plaintiffs*
*ACE American Insurance Company,*
*Illinois Union Insurance Company,*
*Westchester Surplus Lines Insurance Company,*
*and Westchester Fire Insurance Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, ILLINOIS UNION INSURANCE COMPANY, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, and WESTCHESTER FIRE INSURANCE COMPANY,<br><br>                Plaintiffs,<br><br>   -against-<br><br>WACHOVIA INSURANCE AGENCY INC. D/B/A E-RISK SERVICES, and SCOTTSDALE INSURANCE COMPANY,<br><br>                Defendants. | Civil Action No. _____<br><br><br><br><br><br><br><br><br><br>**ORDER TO SHOW CAUSE**<br>**WITH TEMPORARY RESTRAINTS** |

2

**THIS MATTER,** having been opened to the Court upon the application for emergent relief made by Plaintiffs, ACE American Insurance Company, Illinois Union Insurance Company, Westchester Surplus Lines Insurance Company, and Westchester Fire Insurance Company (collectively "Plaintiffs" or the "ACE USA Companies") pursuant to Fed.R.Civ.P. 65 and L.Civ.R. 65.1, seeking entry of an Order To Show Cause With Temporary Restraints against defendants, Wachovia Insurance Agency Inc. d/b/a E-Risk Services ("Wachovia Insurance Agency") and Scottsdale Insurance Company ("Scottsdale") (collectively "Defendants"), temporarily restraining and enjoining Wachovia Insurance Agency from misusing in any way, directly or indirectly, or disclosing in any way the trade secrets with respect to the Exclusive Program Business (as that term is defined in the Amended and Restated Agency Agreement, commonly referred to as the Exclusive Agency Agreement), the confidential and proprietary documents and information with respect to Exclusive Program Business, and the ACE USA Companies' confidential and proprietary documents and information to any third party, including Scottsdale, from selling, assigning, and/or disclosing to any third party, including without limitation Scottsdale, any trade secrets with respect to the Exclusive Program Business, the confidential and proprietary documents and information with respect to Exclusive Program Business, and the ACE USA Companies' confidential and proprietary documents and information person or otherwise assisting or supporting any insurer to engage or prepare to engage in the Exclusive Program Business, and temporarily restraining and enjoining Scottsdale from obtaining or using, directly or indirectly, any trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of

2

the ACE USA Companies, and compelling Scottsdale to immediately withdraw any filings with any state insurance department that used or were based upon, directly or indirectly, any trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of the ACE USA Companies (including any property owned by the ACE USA Companies), through and including the return date of the Order To Show Cause, and requiring Defendants to show cause why they should not be preliminarily enjoined in such manner throughout the pendency of this action; and it appearing to the Court from specific facts shown by the Verified Complaint and by the Declarations of David Lupica and Maria Roman, and exhibits annexed to such declarations, that immediate and irreparable injury, loss, and damage will result to the ACE USA Companies by reason of Defendants' improper and inappropriate use of trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of the ACE USA Companies (including any property owned by the ACE USA Companies) until such time as the Court may conduct a hearing as to why a preliminary injunction should not issue against Defendants; and notice of this application having been provided to Defendants and to their counsel; and the Court having considered the submissions of the parties and the arguments of counsel; and good cause having been shown,

       IT IS on this _____ day of September, 2008, hereby

       **ORDERED** as follows:

       1.    Wachovia Insurance Agency shall show cause at the time, date and place stated below, why it should not be preliminarily enjoined during the pendency of an arbitration

3

which the ACE USA Companies have commenced against Wachovia Insurance Agency (a copy of which Arbitration Demand and Statement of Claim is annexed to the moving papers of the ACE USA Companies) from misusing in any way, directly or indirectly, or selling, assigning and/or disclosing in any way trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of the ACE USA Companies (including any property owned by the ACE USA Companies) to any third party, including Scottsdale, from otherwise assisting or supporting any insurer in engaging or preparing to engage in the Exclusive Program Business, pending the outcome of the arbitration proceeding that Plaintiffs have commenced against Wachovia Insurance Agency.

    2.  Scottsdale shall show cause at the time, date and place stated below, why it should not be preliminarily enjoined during the pendency of this action from obtaining or using, directly or indirectly, any trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of the ACE USA Companies (including any property owned by the ACE USA Companies), and why it should not be compelled to withdraw any and all filings it has made with any state insurance department that used or were based upon, directly or indirectly, any trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of the ACE USA Companies (including any property owned by the ACE USA Companies).

    3.  Wachovia Insurance Agency, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, are hereby

temporarily restrained and enjoined until further Order of this Court from misusing in any way, directly or indirectly, or selling, assigning or disclosing in any way trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of the ACE USA Companies (including any property owned by the ACE USA Companies) to any third party, including Scottsdale, or otherwise assisting or supporting any insurer, including Scottsdale, to engage or prepare to engage in Exclusive Program Business, pending the outcome of the arbitration proceeding that Plaintiffs have commenced against Wachovia Insurance Agency.

    4.  Scottsdale, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with any of them, are hereby temporarily restrained and enjoined until further Order of this Court from obtaining or using, directly or indirectly, trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of the ACE USA Companies (including any property owned by the ACE USA Companies) and are hereby directed to immediately withdraw any and all filings they have made with any state insurance department that used or were based upon, directly or indirectly, any trade secrets with respect to Exclusive Program Business, any confidential and proprietary documents and information with respect to Exclusive Program Business, and any confidential and proprietary documents and information of the ACE USA Companies (including any property owned by the ACE USA Companies).

    5.  This Court shall conduct a hearing on this Order To Show Cause on the _____ day of _____, 2008, commencing at _____ at the Martin Luther

King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101, before the Honorable _____, in the Courtroom regularly assigned to said Judge.

   6. The ACE USA Companies shall serve a copy of this Order upon Wachovia Insurance Agency by fax to Wachovia Insurance Agency and to Greenbaum Rowe Smith & Davis, LLP, 75 Livingston Avenue, Roseland, New Jersey 07068.  A copy of this Order shall also be sent by hand to Greenbaum Rowe Smith & Davis, LLP.

   7. The ACE USA Companies shall serve a copy of this Order upon Scottsdale by fax to Scottsdale and to Eric M. Fogel, Schuyler Roche, P.C., One Prudential Plaza, Suite 3800, 130 East Randolph Street, Chicago, Illinois 60601.  A copy of this Order shall also be sent by hand to Eric M. Fogel, Schuyler Roche, P.C.

   8. Defendants shall file and serve by fax to counsel for Plaintiffs any papers in opposition to the ACE USA Companies application for a preliminary injunction no later than the _____ day of _____, 2008.  The ACE USA Companies shall file and serve any reply papers by fax to counsel for Defendants no later than the _____ day of _____, 2008.

   9. The ACE USA Companies shall post a bond or other security of $_____ by _____ on _____ in connection with this Order To Show Cause With Temporary Restraints.

                _____
                United States District Judge